## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**NESTOR M. TORRECH HERNANDEZ,**
**Plaintiff**                                                  **CIVIL NO. 02-2563 (DRD)**

**v.**

**GENERAL ELECTRIC COMPANY, et al.,**
**Defendants**

## ORDER

Pending before the Court is Plaintiffs' *Motion Requesting Relief from Order* (Docket No. 47). Co-defendant, General Electric Company ("GE") requests the Court to reconsider its *Opinion and Order* denying its motion for partial summary judgment, and partially dismiss the complaint against in due to a lack of controverted issues of material fact.  (Docket No. 46).  Plaintiff, Nestor M. Torrech Hernandez, duly opposed GE's request (Docket No. 48).

Plaintiff filed a complaint pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*("ADEA"), and Puerto Rico's Law No. 80 of May 30, 1999, 29 P.R. Laws Ann. § 185a *et seq.* alleging that he was terminated from employment by GE as he was  be replaced by a younger, less experienced employee, thus incurring in discrimination by reason of age.

This Court referred the matter to Magistrate Judge Justo Arenas, who issued a Report and Recommendation (Docket No. 35), ruling that Defendants' motions for summary judgment be denied in its entirety. GE filed an *Objection to the Magistrate Judge's Report and Recommendation* (Docket No. 38) asserting that said recommendation incorrectly concluded that a centralized control of labor relations existed, thus, creating a genuine issue of material fact as to GE's involvement in plaintiff's termination.  GE further sustains that the recommendation was mistaken since it only

applied the "integrated enterprise test" when determining if GE and Caribe GE could be considered a "single employer".

The Court, after reviewing defendants' objections and plaintiff's response to the objections, issued an *Opinion and Order* adopting *in toto* the Magistrate's Report and Recommendation. (Docket No. 46). The Court concluded that, since GE avers: (1) that all decisions regarding plaintiff's employment at Caribe GE were made by Caribe GE without the participation of GE, and evidence contained in the record contradicts this contention, and (2) that all decisions regarding employee relations at Caribe GE are made by Caribe GE without the participation of GE, and evidence contained in the record suggests ultimate approval resides in GE's Industrial System, the Court was precluded from the issuance of brevis disposition.

GE now requests the Court to revisit its decision and reconsider its findings that supported the Court's conclusion to deny their motion for summary judgment.  GE, once again, argues that a centralized control of labor relations does not exist and that the application of the integrated enterprise test was erroneous given that GE and Caribe GE are not a single employer.

## *I.*

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served.  Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1ˢᵗ Cir. 1993). **Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court.**  Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999), *emphasis added*.  **These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when**

there is an intervening change in law.  *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1ˢᵗ Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1ˢᵗ Cir. 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1ˢᵗ Cir. 1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier**". Id., at 123.  *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration.  Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10ᵗʰ Cir. 1995).  Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued.  Id.  Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders.  *See* Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss).

Although the general rule is that motions for reconsideration will not be considered when filed more than ten days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders.   As to interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late.  *See* McDowell Oil Service, Inc. v. Interstate Fire and Casualty Company, 817 F. Supp. 538, 543 (M.D Pa. 1993); Frito Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 389-90 (D.P.R. 1981); Atlantic States Legal Foundation v. Karg Bros., 841 F.Supp. at 55; McCarthy v. Manson, 714 F.2d 234, 237 (2nd Cir. 1983).

As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons. First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited.  Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions.  Third, broad interpretation of motions for reconsideration is not supported by controlling precedent.  And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided. Id. (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996). "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". Williams v City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for

reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.  Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa. 1992).

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure".  Trabal Hernandez v. Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R. 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R. 2002).  "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence".  Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123.  Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment".  Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'."  Trabal Hernandez v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R 2002).  **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'.**"  Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995) *emphasis added*.

A Rule 60(b) motion permits the Court to "relieve a party...from a final judgment, order, or

proceeding" for the specifics instances prescribed by the rule.  However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387, *citing* Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) *emphasis in the original*. This remedy motion is not to be used as a substitute for appeal.  *See* Jinks v. Alliedsignal Inc., 250 F.3d 381, 386, *citing* Greenwood Explorations Ltd v. Mert Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th Cir. 1988).

With these parameters in mind, the Court reviews defendant's request for reconsideration as to its previous decision denying defendant's request for summary disposition.

## *II.*

After careful review of defendants' motions for summary judgment, plaintiff's opposition, the Magistrate's Report and Recommendation and defendants' objections thereto, this Court found that, in the instant case, the record contained ample contradictory evidence regarding GE's role in Caribe GE's decision making process regarding employment terminations.  Furthermore, the Court understood that the amount of control and/or influence of the parental corporation (GE) over the subsidiary (Caribe GE)'s employment decision is material to the determination of the "single employer status".  Accordingly, defendants' motion for summary judgment had to be denied given the fact that there still remained controversy as to certain critical issues of material fact.[1]

Defendants sustain that the Court's previous decision was erroneously grounded on the Court solely reviewing GE's status as a single employer under the integrated enterprise test.  As a result, defendants aver that the Court deprived GE of other available legal analyses applicable to the single employer doctrine.  Plaintiff, on the other hand, sustain that defendants' motion is superfluous given

---

[1]  The Court emphasizes that, at the summary judgment level, the Court only examines the record in the light most favorable to the non-moving party.  *See* Soto v. Flores, 103 F.3d 1056 (1st Cir. 1997).

that it does not even allege a manifested error of law or fact or bring forth newly discovered evidence or change in case law.  Moreover, the Court precisely considered GE's status as a single employer, but only after discussing all other available legal analyses available and explaining that "(t)he integrated enterprise test currently appears to be the standard adopted, or at least applied, by a majority of circuits that have reached the issue." (*citations ommitted).*

After careful consideration of defendants' *Motion Requesting Relief from Order*, the Court finds that said motion constitutes a restatement of their previous arguments already considered and rejected in the Court's *Opinion and Order* (Docket No. 46). As previously stated, a request for reconsideration cannot be used merely to reargue a point already decided. Barret v. Lombardi, 239 F.3d 23, 28 (1st Cir,. 2001) *citing* Cody Inc., v. Town of Woodbury, 179 F.3d 52, 56 (2d Cir., 1999); Cashner v. Freedom Stores Inc., 98 F.3d 572, 577 (10th Cir., 1996).

A reconsideration of a previously issued Order is "addressed to the sound discretion of the trial court." Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir., 1986) *citing* Pagan v. American Airlines Inc., 534 F.2d 990, 993 (1st Cir., 1976). The Court may grant a party's motion for reconsideration if the movant presents new evidence not previously available, an intervening change in controlling law or  the need to correct a clear error of law or to prevent manifest injustice. *See* Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D Pa., 1992). To the extent that the motion for reconsideration merely requests the Court to revisit defendants' previous allegations, all of which were carefully considered by the Court prior to its issuance of its *Opinion & Order*, the request should be refused.

Defendants in the instant case failed to establish that the Court's *Opinion and Order* suffers from "manifest errors of law" that should be corrected *See* Trabal Hernandez v. Sealand Service,

Inc., 230 F.Supp. 2d at 259. Defendants neither brought forth newly discovered evidence that the Court should consider, nor an intervening change in controlling law nor the need to prevent manifest injustice, in order to be entitled to the relief sought. *See* Dodge v. Susquehanna University, 796 F.Supp. at 830. A motion for reconsideration is not the means to simply raise a point of disagreement between the court and the litigant. *See* Waye v. First Citizen's National Bank, 846 F.Supp. at 314 n.3. Further, defendants have failed to bring forth any evidence to justify relief pursuant to Rule 60(b). In sum, defendants have failed to establish that this is a unique situation " where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387 *citing* Olle v. Henry & Wright Corp., 910 F.2d at 365, *(emphasis in the original)*, that justifies that the extraordinarily remedy requested should be granted. Defendants simply request the Court to reconsider arguments that were already discussed at this Court's order. However, this tool is not a means for a party to request the Court "to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F.Supp. 2d at 238. The Court refers the parties to the previously entered *Opinion and Order* at Docket No. 46.

Furthermore, the Court reminds the parties that the issuing of summary judgment is only appropriate in the absence of a genuine issue of material fact and, thus, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56, in turn, does not answer to a party's more plentiful, or better credentialed, or stronger evidence. *See* Greenburg v. Puerto Rico Maritime Shipping Auth., 853 F.2d 932, 936 (1st Cir. 1987). On the contrary, at the summary judgment stage in the proceedings, the Court will view the record in the light most favorable to the nonmoving party. *See* Soto v. Flores, supra. Finally, even if the Court were to agree with defendants, the Court would be unwilling to depart from the First Circuit Court of Appeals previous ruling in light of the

law of the case doctrine.  *See* <u>Ellis v. United States</u>, 313 F.3d 636, 648 (1ˢᵗ Cir. 2002) (establishing that a belief that a litigant may be able to make a more convincing argument the second time around suffices to justify reconsideration).

Motions for reconsideration are an extraordinary remedy which should be sparingly granted. *See* <u>Trabal Hernandez v. Sealand Services, Inc.</u>, 230 F.Supp.2d at 259; <u>Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc.</u>, 899 F.2d at 123.  Defendants have failed to bring forth anything that would entitle them to such exceptional remedy.  Accordingly, defendants' *Motion Requesting Relief from Order* (Docket No. 47) is hereby **DENIED**.

**IT IS SO ORDERED.**

**Date: July 7, 2005**                                         <u>S/ Daniel R. Dominguez</u>
                                                                            **DANIEL R. DOMINGUEZ**
                                                                            **U.S. DISTRICT JUDGE**